UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEVEN L. FEARWELL, | ) ) ) | |
| Plaintiff/Petitioner, | ) ) | |
| v. | ) ) | Civil Action Nos. 05-729 (RMC) 05-843 (RMC)[1] |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) | |
| Defendants/Respondents. | ) ) | |

# MEMORANDUM OPINION

While confined at the Bureau of Prisons ("BOP"), petitioner Steven L. Fearwell initiated this action for a writ of mandamus to compel the United States via the BOP and the United States Parole Commission to (1) grant him jail-time credit, (2) place him in a halfway house, (3) give him the statutory maximum monetary allotment upon his release from BOP's custody, and (4) provide "D.C. Code felons [a] show cause hearing before a judicial body, rather than the administrative body of the U.S. Parole Commission." Petition at 2.[2]

Respondent BOP has moved to dismiss the case. It asserts that the case is moot because of Mr. Fearwell's intervening release from custody on June 2, 2005. Mr. Fearwell has opposed the motion as it relates to his jail-time credit and allotment claims and has moved for summary judgment. Upon consideration of the parties' submissions and the entire record, the Court will grant BOP's motion to dismiss and deny Mr. Fearwell's motion for summary judgment.

---

[1] Consolidated by Order of July 12, 2005 (docketed in Civ. Action No. 05-843).

[2] In addition to the federal respondents, Mr. Fearwell named the District of Columbia Department of Corrections as a party-respondent. This Court's mandamus authority extends only to "officer[s] or employee[s] of the United States or any agency thereof." 28 U.S.C. § 1361. The petition therefore fails to state a claim upon which relief may be granted against District of Columbia officials.

## I. BACKGROUND[3]

Mr. Fearwell alleges that he was arrested on a bench warrant on November 28, 2002, for violation of the Bail Reform Act ("BRA") and assault with a deadly weapon. He was held without bond. On April 29, 2003, the Superior Court of the District of Columbia sentenced Mr. Fearwell to eighteen months' imprisonment followed by three years' supervised release for the BRA conviction. Mr. Fearwell, having served the 18-month sentence, was released from custody on June 11, 2004, to supervised release. On January 3, 2005, the United States Parole Commission revoked Mr. Fearwell's supervised release and sentenced him to serve five months' imprisonment followed by thirty-one months' supervised release. Mr. Fearwell began serving the new sentence on April 11, 2005. He was released to supervision on June 2, 2005. Mr. Fearwell claims that he is entitled to "pre-trial jail credit" for the time he spent in custody from the date of his arrest on the BRA charge, November 28, 2002, rather than from the date of indictment, January 29, 2003. *See* Petition at 1; Plaintiff's Response Pleading to Government's Motion to Dismiss [Dkt. No. 21] at 2.

Mr. Fearwell also accuses BOP of discriminating against him under the Americans With Disabilities Act in failing to place him in a halfway house because of "medical reasons." Petition at 3. He alleges that when he learned that he would not be placed in a halfway house, he applied for the $500 maximum allotment allowed under 18 U.S.C. § 3624(d)(2) because of his "debilitating illness," his indigency, and his impending homelessness. *Id*. He did not receive a "definitive or conclusive answer" from BOP. *Id*. at 4.

---

[3] The background facts are taken from the petition, the dispositive motions, and Respondent's Response to Show Cause Order [Dkt. No. 11] and the supporting attachments.

## II. DISCUSSION

The extraordinary writ of mandamus is available to compel federal officials to perform ministerial duties, *i.e.*, those duties that "admit[] of no discretion, so that the official in question has no authority to determine whether to perform the duty." *Swan v. Clinton*, 100 F.3d 973, 977 (D.C. Cir. 1996). "The necessary prerequisites for this court to exercise its mandamus jurisdiction are that '(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff.'" *Id*. at 977 n.1 (quoting *Am. Cetacean Soc'y v. Baldrige*, 768 F.2d 426, 433 (D.C. Cir. 1985), *rev'd on other grounds sub nom. Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221 (1986)).

The allotment statute provides that:

> Upon the release of a prisoner on the expiration of the prisoner's term of imprisonment, the Bureau of Prisons shall furnish the prisoner with — (1) suitable clothing; (2) an amount of money, not more than $500, determined by the Director to be consistent with the needs of the offender and the public interest, unless the Director determines that the financial position of the offender is such that no sum should be furnished; and (3) transportation to the place of the prisoner's conviction, to the prisoner's bona fide residence within the United States, or to such other place within the United States as may be authorized by the Director.

18 U.S.C. § 3624(d)(2). Mr. Fearwell's allotment claim fails because the amount of money a prisoner receives, or whether he receives any money at all, lies within the discretion of the BOP Director.

With respect to the jail-time credit claim, Mr. Fearwell has not shown that he has a clear right to relief. In order to satisfy this requirement, Mr. Fearwell would have had to prevail on his substantive claim through *habeas corpus* proceedings. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the exclusive remedy for challenges to the fact or duration of one's

confinement). Mr. Fearwell has not made such a showing. The Court therefore lacks mandamus jurisdiction over the jail-time credit claim. *See LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996) (the district court lacks subject matter jurisdiction over a declaratory judgment action where *habeas corpus* is available as a remedy); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988) ("Because . . . habeas is an available and potentially efficacious remedy [to challenge parole eligibility], it is clear beyond reasonable dispute that mandamus will not appropriately lie.").[4]

### III.  CONCLUSION

The Bureau of Prisons' motion to dismiss will be granted. The claims arising from Mr. Fearwell's placement and his demand for a hearing before a judicial body are moot in light of his release from custody. To the extent that the remaining claims are not moot, the Court lacks jurisdiction to issue a writ of mandamus.

A memorializing Order accompanies this Memorandum Opinion.

Date: January 26, 2006            /s/
                                  ROSEMARY M. COLLYER
                                  United States District Judge

---

[4] Mr. Fearwell concedes in his opposition that the jail-time credit he claims to have been denied is not "transferable" to his current sentence. Pl.'s Res. at 4. He asserts however that the claim is not moot because he is seeking, presumably in another action, "compensation for his illegal incarceration beyond his mand[a]tory release date." *Id*. Because "establishing the basis for the damages claim necessarily demonstrates the invalidity of the [sentence]," *Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994), a damages action under 42 U.S.C. § 1983 or the federal counterpart, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), is not cognizable in the absence of an official invalidation of the sentence through, among other possible avenues, the issuance of a writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. at 486-87.